[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-12175

_____

D.C. Docket No. 00-01376–CV-A-N

METROPOLITAN LIFE
INSURANCE COMPANY,

Plaintiff-Appellant,

versus

MAX LEVON GLISSON,
DONNA GLISSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 3, 2002)

Before TJOFLAT and BIRCH, Circuit Judges, and GOLDBERG[*], Judge.

PER CURIAM:

Metropolitan Life Insurance Company ("MetLife") appeals the district court's order denying its petition to compel arbitration and the court's subsequent denial of its motion for reconsideration. The district court held that the arbitration endorsement attached to a life insurance policy MetLife sold to appellees Max Levon Glisson and Donna Glisson (together, the "Glissons") was not a part of the policy, and was therefore unenforceable as to both appellees, because the endorsement was not incorporated by reference in the policy and was not specifically enumerated in the policy's merger clause.

The district court based its decision on its reading of Ex Parte Rager, 712 So. 2d 333 (Ala. 1998), in which the insured argued that he could not be bound by an arbitration agreement that was attached to his insurance policy because he had not separately signed the endorsement. In reaching its decision to compel arbitration, the Rager court relied on Greene v. Hanover Insurance Co., 700 So. 2d 1354 (Ala. 1997). A footnote in Greene states:

> As a general rule, where a rider or slip is physically attached to a
> policy of insurance contemporaneous with the execution, and

---

[*] Honorable Richard W. Goldberg, U.S. Court of International Trade Judge, sitting by designation.

> delivered to the insured as attached, and sufficient reference is made <u>in either the policy or the attached matter</u> to identify the papers as related, the fact that the matter so attached is without the signature of the insurer . . . will not preclude its inclusion and construction as part of the insurance contract.

700 So. 2d at 1356 n.3 (quoting 43 Am. Jur. 2d <u>Insurance</u> § 296 (1982)) (emphasis added).

The district court's reliance on <u>Rager</u> and <u>Greene</u> was in error. Neither case held that an endorsement must be both attached to, <u>and</u> referenced within, an insurance policy to be valid. Rather, <u>Greene</u> expressly states (and <u>Rager</u> adopts) that if the endorsement is attached, and sufficient reference is made in either the policy or the endorsement to identify the papers as related, the endorsement will be considered part of the policy. Section 27-14-1 of the Code of Alabama, which defines an insurance policy as including "all clauses, riders, endorsements and papers attached, or issued, and delivered for attachment thereto and made a part thereof," also supports this reading of <u>Greene</u>.

Here, the endorsement was physically attached to the policy that defendants received. A "20-Day Right to Examine" afforded defendants sufficient time to review the policy, including all attachments, and confirm that it conformed to their expectations. <u>See</u> <u>Rager</u>, 712 So. 2d at 335 (relying on a 10-day right to examine). By not returning the policy to MetLife or otherwise objecting, defendants agreed to

3

its terms. The fact that defendants never signed the endorsement does not preclude them from being bound by it. See id. at 335 (rejecting insured's argument that unsigned endorsement was invalid).

Greene also requires that sufficient reference be made in either the policy or the endorsement to identify the papers as related. See Greene, 700 So. 2d at 1357 (citing 43 Am. Jr.2d Insurance § 296 (1982)). Though not specifically mentioned in the policy itself, the endorsement here specifically referenced the policy to which it was attached. It stated that any "claim or controversy relating in any way to the sale, servicing, validity . . . of this policy . . . must be submitted to final and binding arbitration." R2-27-Ex1 (Policy) (emphasis added). This language clearly indicates that the endorsement relates to the insurance policy to which it was physically attached and was intended to be included with it.

The endorsement here also conformed exactly to the terms for modification set forth in the policy. Those terms require that any changes to the policy be issued in writing and signed by MetLife's President, Vice-President, or Secretary in order to be valid. The endorsement here was attached to the policy, in writing, and signed by Christine N. Markussen, Vice-President and Secretary of MetLife.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND with instructions to grant MetLife's petition to compel arbitration.

4